UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES MATTHEW CAUDILL,            )<br>                                                               )<br>                       Plaintiff,            )<br>                                                               )<br>              v.                                       )     No. 2:21-cv-00030-JRS-MG<br>                                                               )<br>T. MILLER C/O,                                 )<br>J. THOMPSON C/O,                        )<br>                                                               )<br>                       Defendants.      )| |

**Order Denying Motion for Judgment on the Pleadings**

Plaintiff James Caudill alleges that the defendants were deliberately indifferent to his safety by escorting him to recreation without first ensuring the sidewalks were not iced over. The defendants have moved for judgment on the pleadings. For the following reasons, the motion, dkt. [40], is **denied**.

### I.    Background

**A.  The Complaint**

According to Mr. Caudill's complaint, on February 27, 2020, Officer Miller and Officer Thompson went to Mr. Caudill's cell and told him to hurry up and get ready for recreation, or it would be cancelled. As an inmate incarcerated in the secured confinement unit, anytime Mr. Caudill left his cell he had to be handcuffed behind his back with a leash connected to the handcuffs. Prison policy requires one officer to hold the leash while another officer holds the inmate's arm.

They exited the building to where the outside recreation cages are, with Officer Thompson holding the leash and Officer Miller walking near Mr. Caudill but not holding his arm. When they rounded the corner, Mr. Caudill's feet slipped out from under him and he landed

on his back, causing immediate pain. Critical to the defendants' motion is the next sentence in Mr. Caudill's complaint: "We *then noticed* the whole corner of the walkway was covered with a sheet of ice." Dkt. 1 at 3.

Prison policy requires that during winter months, officers check all sidewalks for ice before moving any inmates. If there is ice, they are supposed to salt the walkways or cancel recreation.

### B. Procedural Background

The Court screened Mr. Caudill's complaint and allowed an Eighth Amendment claim to proceed against the officers on April 21, 2021.[1] Dkt. 10. The defendants filed their answer on June 21, 2021, dkt. 15, and a pretrial schedule was issued the next day, dkt. 17.

The defendants have moved for judgment on the pleadings. Dkt. 40. Mr. Caudill has moved for an extension of time to respond to the motion, requesting that he be permitted to depose the defendants. Dkt. 43. He includes in support of his motion an affidavit by another inmate who attests he overheard Defendant Miller state, "[L]ook at all that ice over there by the other rec cages" before the incident. Dkt. 43-1.

### II.   Standard of Review

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings for the reason that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). "To survive a motion for judgment on the pleadings, a complaint must state a claim to relief that is plausible on its face." *Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018) (internal quotation

---

[1] Other claims and defendants were dismissed and are not relevant to this motion.

omitted). "When assessing the facial plausibility of a claim, we draw all reasonable inferences and facts in favor of the non-movant, but need not accept as true any legal assertions." *Id.* (internal quotation omitted). Pro se complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### III.    Discussion

To establish an Eighth Amendment violation, Mr. Caudill must plead facts that indicate the defendants were deliberately indifferent to his safety. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). To meet this standard, "(1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (cleaned up).

The defendants argue that Mr. Caudill has pleaded himself out of an Eighth Amendment claim by stating that it was only after he fell that he and the officers "then noticed" the sidewalks were icy. Dkt. 41 at 1−2. This argument relies on a narrow reading of the complaint. Read in isolation, the one sentence on which the defendants rely might suggest that none of the parties knew the sidewalks were icy before Mr. Caudill fell. But the complaint as a whole may also support an inference that the defendants knew the sidewalks were icy, that they transported Mr. Caudill unsafely without regard for the ice, that he fell, and that they then knew that particular corner was dangerous.

Regardless, the law does not require "knowledge of the ice"—it requires knowledge of the risk of ice. Mr. Caudill noted in his complaint that the prison has a policy where officers must check for ice whenever the weather is below freezing. Unlike Mr. Caudill, the defendants were not restricted to a cell, but presumably drove to work and walked around other areas of the prison

before their encounter with Mr. Caudill. On a motion for judgment on the pleadings, the Court must resolve these reasonable inferences in Mr. Caudill's favor—not set them aside as the defendants' motion requests.

Construing Mr. Caudill's complaint liberally and drawing all reasonable inferences in his favor, he has pleaded enough facts to state an Eighth Amendment claim. The defendants' motion for judgment on the pleadings, dkt. [40], is **denied**.[2] Mr. Caudill's motion for an extension of time to respond to the motion, dkt. [43], is **denied as moot**.

**IT IS SO ORDERED.**

Date: 1/18/2022

_JAMES R. SWEENEY II, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

JAMES MATTHEW CAUDILL
260908
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel

---

[2] The parties had previously expressed interest in a settlement conference, and attorney Alex Beeman was recruited for the limited purpose of assisting Mr. Caudill with the conference. Dkt. 28. The Court appreciates Mr. Beeman's efforts as recruited counsel, including his extra efforts in responding to this motion.